# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

MICHAEL WAYNE ANDREWS,

                    Petitioner,     :          Case No. 1:26-cv-220

    - vs -                          District Judge Matthew W. McFarland
                                    Magistrate Judge Michael R. Merz

SCIOTO COUNTY COURT OF
 COMMON PLEAS,

                                 :

                Respondent.

---

## ORDER SUBSTITUTING RESPONDENT; REPORT AND RECOMMENDATIONS

---

This is a habeas corpus case, brought *pro se* by Petitioner Michael Wayne Andrews pursuant to 28 U.S,C. § 2254 to obtain relief from his conviction on drug-related offenses in the Scioto County Court of Common Pleas.  Under that statute, habeas corpus cases are randomly assigned to one of the District Judges resident at the seat of court where the Petition is filed and then randomly referred under Amended General Order 22-05 to one of the District's Magistrate Judges.  This case has been assigned to District Judge Matthew W. McFarland and referred to the undersigned.

Under Rule 4 of the Rules Governing § 2254 Cases, the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

1

to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

**Substitution of Respondent**

Petitioner reports that he is "currently released on appeal bond in Columbus, Ohio, but is in custody for purposes of federal habeas corpus jurisdiction pursuant to a judgment of conviction from the Scioto County Court of Common Pleas." Petitioner does not attach a copy of the bond papers or any information about a pending appeal, although he claims to have exhausted state court remedies and lists dates and courts for direct appeal. Assuming the accuracy of Petitioner's report, the Magistrate Judge concludes he is in sufficient custody to invoke this Court's habeas corpus jurisdiction. However, he has named as Respondent the Sheriff of Scioto County. While the Sheriff may eventually be mandated to deliver him for imprisonment, he is more properly regarded as in the custody of the court which released him on bond. See *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973). Accordingly, the Scioto County Court of Common Pleas is substituted as Respondent and the caption is amended as set forth above.

The Clerk shall serve this Order on Petitioner, the Sheriff of Scioto County, the Presiding Judge of the Scioto County Court of Common Pleas, the Prosecuting Attorney of Scioto County, and the Ohio Attorney General.

**Petitioner's Claims**

Petitioner pleads four grounds for relief, three under the Fourth Amendment and one under the Sixth Amendment for ineffective assistance of trial counsel. (Petition, ECF No. 1, PageID 5-

6).

**Fourth Amendment Claims**

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526. *Stone* applies to bar consideration of Fourth Amendment claims in § 2255 proceedings. *Ray v. United States,* 721 F.3d 758 (6th Cir. 2013).

In *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013), the Sixth Circuit held an evidentiary hearing was not required by due process and followed its prior conclusion that "opportunity means opportunity . . . the state court need do no more than take cognizance of the constitutional claim

3

and render a decision in light thereof." *Id.* at 638, *quoting Moore v. Cowan*, 560 F.2d 1298, 1302 (6th Cir. 1977).

> Consistent with *Moore* and with two of the three votes in *Bradley*, we make clear that the *Powell* "opportunity for full and fair consideration" means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim.

*Id.* at 639-40.

As the Petition recites, Andrews was able to fully litigate his Fourth Amendment claims in the Ohio courts through a motion to suppress in the trial court, on which that court held a full evidentiary hearing, then on appeal to the Fourth District Court of Appeals and finally to the Ohio Supreme Court. Although the Supreme Court declined to exercise jurisdiction, Andrews had the same opportunity to present his Fourth Amendment claims to that court as does any other Ohio felony defendant. Petitioner's first three claims are all substantive Fourth Amendment claims; he does not assert he was deprived of the full and fair opportunity to litigate those claims which Ohio law provides to all felony defendants.

Petitioner's Fourth Amendment claims should therefore be dismissed with prejudice for failure to state a claim upon which habeas corpus relief can be granted.

**Sixth Amendment Claim**

In his Fourth Ground for Relief, Petitioner claims he received ineffective assistance of trial counsel in the way in which his trial attorney handled the Fourth Amendment claims in the trial court. This ground for relief is procedurally defaulted by Petitioner's failure to fairly present it to the Ohio courts.

4

Anticipating a procedural default defense to this claim, Petitioner writes:

> The ineffective assistance of counsel claim was not raised as a separate assignment of error on direct appeal, but is based entirely on the suppression hearing record, body camera video, and motions that were before the state courts. Ohio courts were aware of all factual predicates for this claim. Any procedural default should be excused because: (a) the claim is based on the existing record reviewed by state courts; (b) appellate counsel's failure to raise trial counsel's ineffectiveness itself constitutes cause for the default; and (c) Petitioner will suffer actual prejudice if the claim is not considered, as the Fourth Amendment violations would not have resulted in conviction but for trial counsel's deficient performance at the suppression hearing.

(Petition. ECF No. 1, PageID 6).

Petitioner essentially admits that this claim could have been adjudicated on direct appeal because all material needed was in the appellate record.  But when that is the case and the claim is not raised on direct appeal., any later attempt to litigate it in the Ohio courts is barred by *res judicata*.  Issues that could have been raised on direct appeal and were not are *res judicata* and not subject to review in subsequent proceedings. *State v. Davis*, 119 Ohio St.3d 422, ¶ 6 (2008). citing *State v. Hutton,* 100 Ohio St.3d 176, 2003-Ohio-5607, 797 N.E.2d 948, ¶ 37; *State v. D'Ambrosio* (1995), 73 Ohio St.3d 141, 143, 652 N.E.2d 710 (1995).

Petitioner asserts failure to present this claim on direct appeal is excused by ineffective assistance of appellate counsel.  However, ineffective assistance of appellate counsel will excuse a procedural default only when the ineffective assistance of appellate counsel claim has itself been adjudicated in a petitioner's favor in the usual state process. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020); *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007).  Ohio has a remedy for ineffective assistance of appellate counsel claims: application for reopening of the appeal under Ohio R. App. P. 26(B).  Petitioner does not report filing a 26(B) application, much less any favorable result.  The deadline for filing a 26(B)

5

application is ninety days from judgment in the appellate court.   Ineffective assistance of counsel on appeal cannot constitute cause for failure to file a timely application for reopening of the direct appeal under Ohio R. App. P. 26(B) since a person is not entitled to counsel for the reopening. *Riggins v. Turner,* 110 F.3d 64 (6th Cir. 1997).

Petitioner's Sixth Amendment claim should be dismissed with prejudice as procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice on initial review under Rule 4.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 3, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

6